[No. A058237. First Dist., Div. Four. Dec. 30, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
WESLEY WILLIAM CLARK, Defendant and Appellant.

COUNSEL

Leo Paoli, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman and Violet M. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ANDERSON, P. J.—Defendant Wesley William Clark (appellant) was charged in a complaint with continuous sexual abuse of a child under the age of 14 years (Pen. Code,[1] § 288.5), commission of a forcible lewd act upon a child under the age of 14 years (§ 288, subd. (b)), and oral copulation of a child under the age of 14 years and more than 10 years younger than appellant (§ 288a, subd. (c)). The complaint also alleged several special

---

[1] All further statutory references are to the Penal Code.

allegations and that appellant had two serious prior felony convictions within the meaning of section 667, subdivision (a).

Pursuant to a negotiated disposition appellant pled no contest to the continuous sexual abuse and oral copulation charges. The other charges and allegations were dismissed. A condition of the plea was that any sentence imposed for the oral copulation would run concurrent to the sentence for the continuous abuse. The superior court sentenced appellant to state prison for the upper term of 16 years for the continuous abuse. A concurrent sentence was imposed for the other offense.

Appellant contends: "The trial court stated invalid reasons for imposing the upper term." This contention lacks merit.

At the sentencing hearing probation was denied because appellant was an active rather than passive participant and his performance on probation or parole was not satisfactory.

With regard to the term, the superior court commented that "it is very difficult to find any circumstances in mitigation that fit this gentleman's case." Nevertheless, defense counsel had set forth several factors which "lead the court to believe that there is some positive in [appellant's] life. . . ." The factors were appellant's "good bond" with his wife, his activities on behalf of the Salvation Army and his early plea of no contest.

However, these factors were "greatly" outweighed by those mandating an aggravated term. Appellant "was in a position of trust or confidence, specifically trust with the youngsters involved here ages seven and nine, and that . . . position of trust was indeed taken advantage of." Appellant's prior convictions were numerous and of increasing seriousness. He progressed from traffic offenses to burglary, to arson and then to the instant sex crimes.

The trial court also remarked, "the [appellant] has been convicted of . . . one other crime for which a consecutive sentence might have been imposed. And I'm not saying it would have been imposed. . . . All I'm saying is that there is going to be a concurrent sentence in this case. [¶] Counsel, correct me if I'm wrong on that. Is there at least the possibility that this could have been a consecutive sentence? [¶] [Prosecutor]: It would have been except for the plea bargain, correct."

Appellant argues that each of the cited aggravating factors was invalid. Position of trust is an element of the crime, offenses of increasing seriousness includes the instant conviction which is improper, and the possible

consecutive sentence factor is barred because of the plea bargain. On the basis of *People* v. *Simpson* (1979) 90 Cal.App.3d 919, 924 [154 Cal.Rptr. 249], the Attorney General agrees with the latter argument.

■ The offense for which a defendant is being sentenced may be considered in determining that his or her convictions are of increasing seriousness. (*People* v. *Searle* (1989) 213 Cal.App.3d 1091, 1098 [261 Cal.Rptr. 898]; *People* v. *Marshall* (1987) 196 Cal.App.3d 1253, 1260-1261 [242 Cal.Rptr. 319].)

■ A circumstance which is an element of the substantive offense cannot be used as a factor in aggravation. (*People* v. *Wilks* (1978) 21 Cal.3d 460, 470 [146 Cal.Rptr. 364, 578 P.2d 1369].) A sentencing factor is an element of the offense if the crime as defined by statute cannot be accomplished without performance of the acts which constitute such factor. (*People* v. *Garcia* (1989) 209 Cal.App.3d 790, 793-794 [257 Cal.App. 495]; *People* v. *Marshall, supra,* 196 Cal.App.3d at pp. 1259-1260; *People* v. *Young* (1983) 146 Cal.App.3d 729, 733-734 [194 Cal.Rptr. 338].)

The offense involved herein is defined by section 288.5, subdivision (a), in pertinent part, as follows. "Any person who either resides in the same home with the minor child or has recurring access to the child, who over a period of time, not less than three months in duration, engages in three or more acts of [proscribed] sexual conduct with a child under the age of 14 years at the time of the commission of the offense . . . is guilty of the offense of continuous sexual abuse of a child . . . ."

It is undisputed that appellant was the victim's stepfather and was entrusted with caring for her and her sister. Thus, he was placed in a position of trust and confidence regarding the children. Since continuous sexual abuse can be committed by anyone residing in the same home with the children, whether or not they have special status with the victim, such sentencing factor is not an element of the crime.

Moreover, in *People* v. *Fernandez* (1990) 226 Cal.App.3d 669, 680 [276 Cal.Rptr. 631]—a case where the charged crimes were lewd and lascivious conduct on a child under section 288, subdivisions (a) and (b), but the defendant was a "resident child molester"—the court held that abuse of the parental relationship could be utilized as an aggravating factor. This factor fell under the sentencing categories of victim's vulnerability or position of trust and confidence. It could only be credited to one and could not be counted as two aggravating circumstances. To the same effect see *People* v. *Garcia* (1985) 166 Cal.App.3d 1056, 1069-1070 [212 Cal.Rptr. 822].

■ Since one of the three reasons given by the superior court for the upper term was improper, we must next determine if the error was prejudicial. A case will not be remanded for resentencing based on the use of an invalid factor if the superior court's remarks indicate a strong belief that the upper term was proper and other valid factors were mentioned. (*People* v. *Avalos* (1984) 37 Cal.3d 216, 233 [207 Cal.Rptr. 549, 689 P.2d 121].) Herein, the superior court expressed its choice of the upper term in no uncertain terms and two out of three stated reasons were proper. Accordingly, the error is harmless.

The judgment is affirmed.

Poché, J., and Reardon, J., concurred.