**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZENTORY T. BEAN, | No. 10-16253 |
| Petitioner – Appellant, | DC No. 07 cv-1764 MJL |
| v. | |
| MATTHEW CATE, Secretary of California Department of Corrections and Rehabilitation | MEMORANDUM* |
| Respondent – Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
M. James Lorenz, Senior District Judge, Presiding

Argued and Submitted November 4, 2013
San Francisco, California

Before:     TASHIMA, FLETCHER, and NGUYEN, Circuit Judges

Zentory T. Bean ("Bean") appeals from the judgment of the district court

denying his petition for writ of habeas corpus.  Bean contends that the district court

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

erred in concluding that his sentence, which included the upper term on a sentencing enhancement, was imposed in a manner consistent with the Sixth Amendment. We have jurisdiction under 28 U.S.C. § 2253. Reviewing the district court's denial of the petition *de novo*, *see Pinholster v. Ayers*, 590 F.3d 651, 662 (9th Cir. 2009), we affirm.

1.     Under California's Determinate Sentencing Law, a judge may not impose the upper term sentence for an offense "unless there are circumstances in aggravation . . . of the crime." Cal. Penal Code § 1170. Further, the Sixth Amendment requires that any aggravating circumstance, other than a prior conviction, that is relied upon to impose the upper term sentence must be admitted by the defendant or found by a jury beyond a reasonable doubt. *See Cunningham v. California*, 549 U.S. 270, 274–75 (2007). Bean contends that his sentence violates the Sixth Amendment because he received the upper term based on an aggravating fact, other than a prior conviction, that was neither admitted by him nor found by a jury beyond a reasonable doubt.

Bean entered a plea of no contest to one count of being a prohibited person in possession of a firearm, one count of voluntary manslaughter, and a sentencing enhancement for use of a firearm during a felony. The trial judge sentenced Bean to a fixed term of 13 years, which included the upper term sentence on the firearm

enhancement. In imposing Bean's sentence, the judge relied on the aggravating circumstance of planning, which was neither admitted by Bean nor found by a jury beyond a reasonable doubt. As such, Bean's sentence violated the Sixth Amendment. *See Cunningham*, 549 U.S. at 294.

**2.** The dissent contends that Bean's sentence did not violate the Sixth Amendment because he was eligible for the upper term based on the fact of his prior convictions, even though the trial judge did not actually rely on that aggravating circumstance in imposing his sentence. Dissent at 1. Contrary to our habeas jurisprudence that we should examine the state court judgment to determine whether the judgment that was actually entered was contrary to the Constitution, the dissent ignores the judgment that was entered by the state court. Instead, the dissent proceeds directly to an abstract inquiry of whether the record would support a sentence that complies with *Cunningham*. We disagree that this is the proper inquiry in determining whether there was a Sixth Amendment violation.

A sentence complies with the Sixth Amendment only "if at least one of the aggravating factors *on which the judge relied* in sentencing [the defendant] was established in a manner consistent with the Sixth Amendment." *Butler v. Curry*, 528 F.3d 624, 643 (9th Cir. 2008) (emphasis added). Corollary rule is that a sentence violates the Sixth Amendment when, as here, the maximum term "was

3

raised based on facts, other than a prior conviction, that were not admitted or proved to a jury beyond a reasonable doubt." *Id.* at 648. Accordingly, facts that were not relied upon by the sentencing judge – such as, in this case, Bean's prior convictions – are irrelevant in determining whether the sentence imposed complies with the Sixth Amendment. *See id.* (examining only those aggravating factors actually relied upon by the sentencing judge in determining whether the petitioner's sentence violated the Sixth Amendment).[1] Therefore, Bean's sentence was not made constitutional merely because there existed an aggravating circumstance, not relied upon by the sentencing judge, that could have rendered him eligible for the upper term.[2]

---

[1] The California Supreme Court has reached the same conclusion. *See People v. Black*, 161 P.3d 1130, 1141-42 (Cal. 2007). In its extensive discussion of *Black*, *see* Dissent at 3-5, the dissent fails to mention that, in *Black*, the sentence was held to be constitutional because the trial court actually relied on at least one circumstance that was established in a manner consistent with the Sixth Amendment. *See id.*

[2] The dissent also insists that "whether a defendant is eligible for the upper term based on a factor not explicitly cited by the sentencing court is a question of California law and not an appropriate ground to find constitutional error." Dissent at 3. But that is not the question before us. The question we decide is whether the upper term sentence imposed violated the U.S. Constitution because no aggravating factor was established in accordance with the Sixth Amendment. That question, beyond peradventure, is a question of federal constitutional law under *Cunningham*, which we may properly address on habeas review. *See Butler*, 528 F.3d at 643.

**3.** Sentencing errors are, however, subject to a harmless error analysis. *Butler*, 528 F.3d at 648. Accordingly, Bean is entitled to relief only if the "error had a substantial and injurious effect on [his] sentence." *Id.*

Under California law, circumstances that may justify the imposition of an upper term include that "[t]he prisoner has committed multiple crimes which indicate a significant pattern of increasingly serious criminal conduct." CAL. CODE REGS. tit. 15, § 2408(c). In imposing the upper term based on increasingly serious criminal conduct, the sentencing judge may consider the crime for which the petitioner is being sentenced. *People v. Clark*, 15 Cal. Rptr. 2d 709 (Ct. App. 1992). At the time of his sentencing, Bean had two prior convictions: the first for misdemeanor assault and the second for driving without a valid license or insurance. Petitioner's instant crime of manslaughter is unquestionably more serious than these offenses. Thus, Petitioner has committed crimes of increasing seriousness, which would permit the imposition of the upper term sentence under California law. CAL. CODE REGS. tit. 15, § 2408(c); *Clark*, 15 Cal. Rptr. 2d 709. Under *Cunningham*, these prior convictions need not have been admitted by Bean nor found by a jury beyond a reasonable doubt. *See* 549 U.S. at 274–75. Because the sentencing judge could have relied on Bean's increasingly serious pattern of criminal conduct to impose the upper term sentence on the firearm enhancement in

5

a manner consistent with the Sixth Amendment, the error was harmless.

· ● ·

The judgment of the district court denying Bean's petition for writ of habeas corpus is

**AFFIRMED.**

*Bean v. Cate*, 10-16253

NGUYEN, Circuit Judge, concurring in the result and dissenting in part:

The question is whether Bean's sentence "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or a "decision that was based on an unreasonable determination of the facts in light of the evidence presented." *See* 28 U.S.C. § 2254(d). Simply put, the answer is "No." Therefore, I concur in the result but dissent from the majority's holding that Bean's sentence violated the Sixth Amendment.

**I.**

"Under California's determinate sentencing system, the existence of a single aggravating circumstance is legally sufficient to make the defendant *eligible* for the upper term." *People v. Black*, 161 P.3d 1130, 1138-39 (Cal. 2007) (emphasis added) (citation omitted). The majority is correct that Bean was not eligible for the upper term based on the aggravating circumstance of "planning." Maj. Mem. Dispo. at 3. Nevertheless, Bean was still eligible for the upper term sentence on account of his increasingly serious convictions that were reflected in the record before the sentencing court, including the sentencing report. *See People v. Clark*, 15 Cal. Rptr. 2d 709, 709 (Ct. App. 1992) ("The offense for which a defendant is being sentenced may be considered in determining that his or her convictions are

1

of increasing seriousness." (citations omitted)); *see also* Cal. Ct. R. 4.421(b)(2).

Because Bean was eligible for the upper term sentence based on a constitutionally proper aggravating factor, there was no constitutional error in his sentence. This should end the inquiry. *See Cunningham v. California*, 549 U.S. 270, 274-75 (2007) ("[T]he Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, *other than a prior conviction*, not found by a jury or admitted by the defendant." (emphasis added) (citations omitted)).

## II.

The majority instead finds a constitutional error because it mistakenly assumes that we are limited *only* to the aggravating circumstance specifically cited by the state sentencing court—here, "planning"—when it imposed Bean's sentence. Thus, the majority's reasoning goes, because the sentencing court did not explicitly rely on Bean's record of increasingly serious convictions, we may not answer "an abstract inquiry of whether the record would support a sentence that complies with *Cunningham*." Maj. Mem. Dispo. at 3. The majority's analysis is flawed for two reasons. First, it is contrary to California law, which permits a sentencing court to rely on aggravating facts not found by a jury in imposing the upper term sentence, so long as the record demonstrates a defendant's eligibility

2

for the upper term sentence. Second, even assuming Bean's sentence runs afoul of state law, that question of state law is not cognizable on habeas.

## A.

As the *Black* Court held, "if one aggravating circumstance has been *established* in accordance with the constitutional requirements set forth in [*Blakely v. Washington*, 542 U.S. 296 (2004)], the defendant is not 'legally entitled' to the middle term sentence, and the upper term sentence is the 'statutory maximum.'" 161 P.3d at 1139 (emphasis added). The question, then, is what is required—under California law—to "establish" an aggravating circumstance? The majority finds that, even when the aggravating circumstance is based on prior convictions, it must be explicitly referenced and relied upon by the state sentencing court. Not so.

In *Black*, the defendant was eligible for the upper term sentence based on two aggravating circumstances, each of which "independently satisf[ied] Sixth Amendment requirements and render[ed] him eligible for the upper term. Therefore, he was not legally entitled to the middle term, and his Sixth Amendment right to jury trial was not violated by imposition of the upper term sentence . . . ." *Id.* at 1144.

One circumstance, the use of force, was explicitly discussed by the sentencing court. *Id.* at 1141. But the other, Black's criminal history, was not.

3

Instead, his prior convictions were reflected in the sentencing report and the district attorney's brief. *Id.* There is no indication that the sentencing court had explicitly cited Rule 4.421(b)(2) or made a finding that Black's prior convictions were "numerous or of increasing seriousness." *See* Cal. Ct. R. 4.421(b)(2) (a sentencing court can impose an upper term sentence if the defendant's prior convictions are "numerous or of increasing seriousness"). Moreover, the *Black* Court never concluded that the sentencing court was required to make such a finding.[1]

Instead, the Court found that "the statutory maximum sentence . . . was the upper term, because at least one aggravating circumstance (indeed, in this case, two) was *established* by means that satisfy the requirements of the Sixth Amendment." *Id.* at 1141 (emphasis added); *see also People v. Velasquez*, 62 Cal. Rptr. 3d 164, 172 (Ct. App. 2007) ("[I]n selecting the upper terms the trial court did not articulate on the record its reasons for doing so . . . . however, it is apparent that two of the aggravating factors present in this case—that [the defendant] had served a prior prison term and that his prior adult convictions were numerous—directly relate to [the defendant]'s recidivism . . . . Accordingly, the trial court could properly rely on those two aggravating factors to impose an upper

---

[1]More importantly, there is no United States Supreme Court case or other federal law that would require as much.

4

term . . . ." (citations omitted)).

If Black's eligibility for the upper term sentence was independently established by the record of his prior convictions (despite the court's failure to explicitly rely on those convictions or cite to Rule 4.421(b)(2)), then Bean's eligibility for the upper term likewise was established. Black's upper term sentence did not violate state law or *Cunningham*. The same goes for Bean.

**B.**

Once a defendant is eligible for the upper term (by virtue of his prior convictions or otherwise), California law permits a sentencing court to "rely upon any number of aggravating circumstances in exercising its discretion to select the appropriate term by balancing aggravating and mitigating circumstances, *regardless of whether the facts underlying those circumstances have been found to be true by a jury*." *Black*, 161 P.3d at 1138 (emphasis added); *see also People v. Cardenas*, 66 Cal. Rptr. 3d 821, 829 (Ct. App. 2007) (stating that the *Black* Court "held the presence of a prior conviction which requires no jury finding makes a defendant 'eligible' for an upper term sentence thus justifying the court's use of other aggravating factors when deciding whether to impose a high term sentence" (citation omitted)).

Because Bean was eligible for the upper term sentence, the sentencing court

5

was free to exercise its discretion and impose the upper term based on the aggravating circumstance of "planning"—"regardless of whether the facts underlying th[at] circumstance[] ha[d] been found to be true by a jury." *Black*, 161 P.3d at 1138. Therefore, Bean's sentence violated neither California law nor the Sixth Amendment.[2]

## C.

In any event, even if Bean's sentence was imposed in violation of state law, what "clearly established" federal law did it violate? *See* 28 U.S.C. § 2254(d). Neither *Cunningham* nor *Apprendi v. New Jersey*, 530 U.S. 466 (2000), nor any other Supreme Court decision requires the state sentencing court to explicitly rely on the prior convictions that render a defendant eligible for the upper term. The Supreme Court in *Cunningham* held that California's Determinate Sentencing Law "violates *Apprendi*'s bright-line rule: *Except for a prior conviction*, 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" 549 U.S. at 288-

---

[2] The majority suggests that by examining Bean's prior convictions, I am "ignor[ing] the judgment that was entered by the state court." On the contrary, I agree that the question is whether "the judgment that was actually entered" was "contrary to the Constitution." Maj. Mem. Dispo. at 3. The answer, though, requires us to examine whether Bean was eligible for the upper term sentence under California law because, if so, that was the "statutory maximum" for purposes of *Cunningham*.

89 (emphasis added) (citation omitted).[3]  The *Cunningham* Court did not deal with the question of whether a sentencing court must explicitly rely on the aggravating circumstance of a prior conviction in imposing the upper term sentence.  That question is controlled by California state law.

## Conclusion

California law dictates what is required to "establish" an aggravating factor (and a defendant's "eligibility" for the upper term), so long as the "means . . . satisfy the requirements of the Sixth Amendment."  *See Black*, 161 P.3d at 1141.  The "means" in Bean's case—increasingly serious convictions—satisfy the requirements of the Sixth Amendment.  Thus, any purported error in the imposition of his sentence is a matter of state law and is not cognizable on a § 2254 petition.  Accordingly, although I concur in the result, I respectfully disagree with the majority's analysis.

---

[3] The majority cites *Butler v. Curry*, 528 F.3d 624 (9th Cir. 2008), which is inapposite.  In *Butler*, the sentencing court had explicitly relied on two aggravating factors.  We held that the trial court could have imposed the upper term sentence so long as one aggravating factor was validly established.  "That the judge might not have done so in the absence of an additional factor does not implicate the Sixth Amendment, as that consideration concerns only the imposition of a sentence within an authorized statutory range."  *Id.* at 649.  We did not analyze what is necessary under California law to establish a defendant's increasingly serious prior convictions or whether a court explicitly must rely on that aggravating factor to impose the upper term sentence.