MEMORANDUM *
Zentory T. Bean (“Bean”) appeals from the judgment of the district court denying *491 his petition for writ of habeas corpus. Bean contends that the district court erred in concluding that his sentence, which included the upper term on a sentencing enhancement, was imposed in a manner consistent with the Sixth Amendment. We have jurisdiction under 28 U.S.C. § 2258. Reviewing the district court’s denial of the petition de novo, see Pinholster v. Ayers, 590 F.3d 651, 662 (9th Cir.2009), we affirm.
1. Under California’s Determinate Sentencing Law, a judge may not impose the upper term sentence for an offense “unless there are circumstances in aggravation ... of the crime.” CaLPenal Code § 1170. Further, the Sixth Amendment requires that any aggravating circumstance, other than a prior conviction, that is relied upon to impose the upper term sentence must be admitted by the defendant or found by a jury beyond a reasonable doubt. See Cunningham v. California, 549 U.S. 270, 274-75, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007). Bean contends that his sentence violates the Sixth Amendment because he received the upper term based on an aggravating fact, other than a prior conviction, that was neither admitted by him nor found by a jury beyond a reasonable doubt.
Bean entered a plea of no contest to one count of being a prohibited person in possession of a firearm, one count of voluntary manslaughter, and a sentencing enhancement for use of a firearm during a felony. The trial judge sentenced Bean to a fixed term of 13 years, which included the upper term sentence on the firearm enhancement. In imposing Bean’s sentence, the judge relied on the aggravating circumstance of planning, which was neither admitted by Bean nor found by a jury beyond a reasonable doubt. As such, Bean’s sentence violated the Sixth Amendment. See Cunningham, 549 U.S. at 294, 127 S.Ct. 856.
2. The dissent contends that Bean’s sentence did not violate the Sixth Amendment because he was eligible for the upper term based on the fact of his prior convictions, even though the trial judge did not actually rely on that aggravating circumstance in imposing his sentence. Dissent at 492-93. Contrary to our habeas jurisprudence that we should examine the state court judgment to determine whether the judgment that was actually entered was contrary to the Constitution, the dissent ignores the judgment that was entered by the state court. Instead, the dissent proceeds directly to an abstract inquiry of whether the record would support a sentence that complies with Cunningham. We disagree that this is the proper inquiry in determining whether there was a Sixth Amendment violation.
A sentence complies with the Sixth Amendment only “if at least one of the aggravating factors on which the judge relied in sentencing [the defendant] was established in a manner consistent with the Sixth Amendment.” Butler v. Curry, 528 F.3d 624, 643 (9th Cir.2008) (emphasis added). Corollary rule is that a sentence violates the Sixth Amendment when, as here, the maximum term “was raised based on facts, other than a prior conviction, that were not admitted or proved to a jury beyond a reasonable doubt.” Id. at 648. Accordingly, facts that were not relied upon by the sentencing judge — such as, in this case, Bean’s prior convictions— are irrelevant in determining whether the sentence imposed complies with the Sixth Amendment. See id. (examining only those aggravating factors actually relied upon by the sentencing judge in determining whether the petitioner’s sentence vio *492 lated the Sixth Amendment).[1] Therefore, Bean’s sentence was not made constitutional merely because there existed an aggravating circumstance, not relied upon by the sentencing judge, that could have rendered him eligible for the upper term.[2]
3. Sentencing errors are, however, subject to a harmless error analysis. Butler, 528 F.3d at 648. Accordingly, Bean is entitled to relief only if the “error had a substantial and injurious effect on [his] sentence.” Id.
Under California law, circumstances that may justify the imposition of an upper term include that “[t]he prisoner has committed multiple crimes which indicate a significant pattern of increasingly serious criminal conduct.” Cal.Code Regs. tit. 15, § 2408(c). In imposing the upper term based on increasingly serious criminal conduct, the sentencing judge may consider the crime for which the petitioner is being sentenced. People v. Clark, 12 Cal. App.4th 663, 15 Cal.Rptr.2d 709 (1992). At the time of his sentencing, Bean had two prior convictions: the first for misdemeanor assault and the second for driving without a valid license or insurance. Petitioner’s instant crime of manslaughter is unquestionably more serious than these offenses. Thus, Petitioner has committed crimes of increasing seriousness, which would permit the imposition of the upper term sentence under California law. Cal. Code Regs. tit. 15, § 2408(c); Clark, 15 Cal.Rptr.2d 709. Under Cunningham, these prior convictions need not have been admitted by Bean nor found by a jury beyond a reasonable doubt. See 549 U.S. at 274-75, 127 S.Ct. 856. Because the sentencing judge could have relied on Bean’s increasingly serious pattern of criminal conduct to impose the upper term sentence on the firearm enhancement in a manner consistent with the Sixth Amendment, the error was harmless.
The judgment of the district court denying Bean’s petition for writ of habeas corpus is
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. The California Supreme Court has reached the same conclusion. See People v. Black, 41 Cal.4th 799, 62 Cal.Rptr.3d 569, 161 P.3d 1130, 1141-42 (2007). In its extensive discussion of Black, see Dissent at 493-94, the dissent fails to mention that, in Black, the sentence was held to be constitutional because the trial court actually relied on at least one circumstance that was established in a manner consistent with the Sixth Amendment. See id.

. The dissent also insists that "whether a defendant is eligible for the upper term based on a factor not explicitly cited by the sentencing court is a question of California law and not an appropriate ground to find constitutional error.” Dissent at 493-94. But that is not the question before us. The question we decide is whether the upper term sentence imposed violated the U.S. Constitution because no aggravating factor was established in accordance with the Sixth Amendment. That question, beyond peradventure, is a question of federal constitutional law under Cunningham, which we may properly address on habeas review. See Butler, 528 F.3d at 643.