NGUYEN, Circuit Judge,
concurring in the result and dissenting in part:
The question is whether Bean’s sentence “resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law” or a “decision that was based on an unreasonable determination of the facts in light of the evidence presented.” See 28 U.S.C. § 2254(d). Simply put, the answer is “No.” Therefore, I concur in the result but dissent from the majority’s holding that Bean’s sentence violated the Sixth Amendment.
*493 I.
“Under California’s determinate sentencing system, the existence of a single aggravating circumstance is legally sufficient to make the defendant eligible for the upper term.” People v. Black, 41 Cal.4th 799, 62 Cal.Rptr.3d 569, 161 P.3d 1130, 1138-39 (2007) (emphasis added) (citation omitted). The majority is correct that Bean was not eligible for the upper term based on the aggravating circumstance of “planning.” Maj. Mem. Dispo. at 491. Nevertheless, Bean was still eligible for the upper term sentence on account of his increasingly serious convictions that were reflected in the record before the sentencing court, including the sentencing report. See People v. Clark, 12 Cal.App.4th 663,15 Cal.Rptr.2d 709, 709 (1992) (“The offense for which a defendant is being sentenced may be considered in determining that his or her convictions are of increasing seriousness.” (citations omitted)); see also Cal. Ct. R. 4.421(b)(2).
Because Bean was eligible for the upper term sentence based on a constitutionally proper aggravating factor, there was no constitutional error in his sentence. This should end the inquiry. See Cunningham v. California, 549 U.S. 270, 274-75, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007) (“[T]he Federal Constitution’s jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant.” (emphasis added) (citations omitted)).
II.
The majority instead finds a constitutional error because it mistakenly assumes that we are limited only to the aggravating circumstance specifically cited by the state sentencing court — here, “planning” — when it imposed Bean’s sentence. Thus, the majority’s reasoning goes, because the sentencing court did not explicitly rely on Bean’s record of increasingly serious convictions, we may not answer “an abstract inquiry of whether the record would support a sentence that complies with Cunningham.” Maj. Mem. Dispo. at 491. The majority’s analysis is flawed for two reasons. First, it is contrary to California law, which permits a sentencing court to rely on aggravating facts not found by a jury in imposing the upper term sentence, so long as the record demonstrates a defendant’s eligibility for the upper term sentence. Second, even assuming Bean’s sentence runs afoul of state law, that question of state law is not cognizable on habeas.
A.
As the Black Court held, “if one aggravating circumstance has been established in accordance with the constitutional requirements set forth in [Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) ], the defendant is not ‘legally entitled’ to the middle term sentence, and the upper term sentence is the ‘statutory maximum.’ ” 62 Cal.Rptr.3d 569, 161 P.3d at 1139 (emphasis added). The question, then, is what is required — under California law — to “establish” an aggravating circumstance? The majority finds that, even when the aggravating circumstance is based on prior convictions, it must be explicitly referenced and relied upon by the state sentencing court. Not so.
In Black, the defendant was eligible for the upper term sentence based on two aggravating circumstances, each of which “independently satisfied] Sixth Amendment requirements and rendered] him eligible for the upper term. Therefore, he was not legally entitled to the middle term, and his Sixth Amendment right to jury *494 trial was not violated by imposition of the upper term sentence.... ” Id. 62 Cal.Rptr.3d 569, 161 P.3d at 1144.
One circumstance, the use of force, was explicitly discussed by the sentencing court. Id. 62 Cal.Rptr.3d 569, 161 P.3d at 1141. But the other, Black’s criminal history, was not. Instead, his prior convictions were reflected in the sentencing report and the district attorney’s brief. Id. There is no indication that the sentencing court had explicitly cited Rule 4.421(b)(2) or made a finding that Black’s prior convictions were “numerous or of increasing seriousness.” See Cal. Ct. R. 4.421(b)(2) (a sentencing court can impose an upper term sentence if the defendant’s prior convictions are “numerous or of increasing seriousness”). Moreover, the Black Court never concluded that the sentencing court was required to make such a finding.[1]
Instead, the Court found that “the statutory maximum sentence ... was the upper term, because at least one aggravating circumstance (indeed, in this case, two) was established by means that satisfy the requirements of the Sixth Amendment.” Id. 62 Cal.Rptr.3d 569, 161 P.3d at 1141 (emphasis added); see also People v. Velasquez, 152 Cal.App.4th 1503, 62 Cal.Rptr.3d 164, 172 (2007) (“[I]n selecting the upper terms the trial court did not articulate on the record its reasons for doing so.... however, it is apparent that two of the aggravating factors present in this case— that [the defendant] had served a prior prison term and that his prior adult convictions were numerous — directly relate to [the defendant]^ recidivism.... Accordingly, the trial court could properly rely on those two aggravating factors to impose an upper term.... ” (citations omitted)).
If Black’s eligibility for the upper term sentence was independently established by the record of his prior convictions (despite the court’s failure to explicitly rely on those convictions or cite to Rule 4.421(b)(2)), then Bean’s eligibility for the upper term likewise was established. Black’s upper term sentence did not violate state law or Cunningham. The same goes for Bean.
B.
Once a defendant is eligible for the upper term (by virtue of his prior convictions or otherwise), California law permits a sentencing court to “rely upon any number of aggravating circumstances in exercising its discretion to select the appropriate term by balancing aggravating and mitigating circumstances, regardless of whether the facts underlying those circumstances have been found to be true by a jury.” Black, 62 Cal.Rptr.3d 569, 161 P.3d at 1138 (emphasis added); see also People v. Cardenas, 155 Cal.App.4th 1468, 66 Cal.Rptr.3d 821, 829 (2007) (stating that the Black Court “held the presence of a prior conviction which requires no jury finding makes a defendant ‘eligible’ for an upper term sentence thus justifying the court’s use of other aggravating factors when deciding whether to impose a high term sentence” (citation omitted)).
Because Bean was eligible for the upper term sentence, the sentencing court was free to exercise its discretion and impose the upper term based on the aggravating circumstance of “planning” — “regardless of whether the facts underlying th[at] circumstance[ ] ha[d] been found to be true by a *495 jury.” Black, 62 Cal.Rptr.3d 569, 161 P.3d at 1138. Therefore, Bean’s sentence violated neither California law nor the Sixth Amendment.[2]
C.
In any event, even if Bean’s sentence was imposed in violation of state law, what “clearly established” federal law did it violate? See 28 U.S.C. § 2254(d). Neither Cunningham nor Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), nor any other Supreme Court decision requires the state sentencing court to explicitly rely on the prior convictions that render a defendant eligible for the upper term. The Supreme Court in Cunningham held that California’s Determinate Sentencing Law “violates Apprendi ’s bright-line rule: Except for a prior conviction, ‘any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.’ ” 549 U.S. at 288-89, 127 S.Ct. 856 (emphasis added) (citation omitted).[3] The Cunningham Court did not deal with the question of whether a sentencing court must explicitly rely on the aggravating circumstance of a prior conviction in imposing the upper term sentence. That question is controlled by California state law.
Conclusion
California law dictates what is required to “establish” an aggravating factor (and a defendant’s “eligibility” for the upper term), so long as the “means ... satisfy the requirements of the Sixth Amendment.” See Black, 62 Cal.Rptr.3d 569, 161 P.3d at 1141. The “means” in Bean’s case — increasingly serious convictions— satisfy the requirements of the Sixth Amendment. Thus, any purported error in the imposition of his sentence is a matter of state law and is not cognizable on a § 2254 petition. Accordingly, although I concur in the result, I respectfully disagree with the majority’s analysis.

. More importantly, there is no United States Supreme Court case or other federal law that would require as much.

. The majority suggests that by examining Bean's prior convictions, I am "ignor[ing] the judgment that was entered by the state court.” On the contrary, I agree that the question is whether "the judgment that was actually entered” was "contrary to the Constitution.” Maj. Mem. Dispo. at 491. The answer, though, requires us to examine whether Bean was eligible for the upper term sentence under California law because, if so, that was the “statutory maximum” for purposes of Cunningham.

. The majority cites Butler v. Curry, 528 F.3d 624 (9th Cir.2008), which is inapposite. In Butler, the sentencing court had explicitly relied on two aggravating factors. We held that the trial court could have imposed the upper term sentence so long as one aggravating factor was validly established. "That the judge might not have done so in the absence of an additional factor does not implicate the Sixth Amendment, as that consideration concerns only the imposition of a sentence within an authorized statutory range.” Id. at 649. We did not analyze what is necessary under California law to establish a defendant's increasingly serious prior convictions or whether a court explicitly must rely on that aggravating factor to impose the upper term sentence.