Filed 8/18/14  P. v. Williams CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

| | |
|---|---|
| THE PEOPLE, | C074829 |
| Plaintiff and Respondent, | (Super. Ct. No. CM036996) |
| v. | |
| WILLIAM LEE WILLIAMS, | |
| Defendant and Appellant. | |

Defendant William Lee Williams entered a negotiated plea of no contest to theft from an elder or dependent adult as a felony (Pen. Code, § 368, subd. (d); count 2)[1] and admitted a prior prison term allegation (§ 667.5, subd. (b)) in exchange for dismissal of the remaining count (grand theft of personal property; count 1) and a strike prior (§§ 667, subds. (b)-(i), 1170.12) with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 and in the interest of justice.

---

[1]  Undesignated statutory references are to the Penal Code.

1

The court denied probation and sentenced defendant to state prison for an aggregate term of five years, that is, the upper term of four years for the underlying offense plus one year for the prior prison term. The court imposed various fees and fines including a $280 restitution fine and a corresponding $280 parole revocation restitution fine.

Defendant appeals. His request for a certificate of probable cause (§ 1237.5) was denied. He contends the trial court erroneously relied upon an improper aggravating factor (an element of the offense) in imposing the upper term. We conclude that defendant has forfeited this claim by failing to object and in any event, we reject the claim on the merits. Defendant also contends that the trial court violated the prohibition against ex post facto laws in imposing restitution fines in an amount that was increased after the date of his offense. We disagree and conclude that this issue is also forfeited.

FACTS

Defendant's sister, Nicole Navarro, and her husband lived with an elderly woman, Norma McMillen, helping in her care and the care of her property. In January 2012 defendant moved into McMillen's home. By the end of April 2012 defendant had stolen several pieces of McMillen's jewelry and had other people pawn the items for him. When Navarro confronted defendant, he admitted stealing the items and agreed to meet Navarro at the pawn shop to obtain the jewelry. Defendant failed to appear at the pawn shop and McMillen called the police. Two gold pendants were located at the pawn shop and a gold four-leaf clover piece of jewelry was recovered at a gem store. Several items were never recovered, resulting in a loss of over $20,000. McMillen had never given defendant permission to have or sell any of her jewelry.

DISCUSSION

I

In imposing the upper term for theft from an elder, the trial court relied on several factors including that defendant took advantage of a position of trust. Defendant

2

contends for the first time on appeal that such factor is an element of the crime. Defendant has forfeited this issue by failing to object in the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 353 (*Scott*); *People v. Steele* (2000) 83 Cal.App.4th 212, 226.)

In any event, on the merits, we disagree with defendant's claim. "A sentencing factor is an element of the offense if the crime as defined by statute cannot be accomplished without performance of the acts which constitute such factor." (*People v. Clark* (1992) 12 Cal.App.4th 663, 666.) Section 368, subdivision (d) provides, in relevant part, that "[a]ny person who is not a caretaker . . . violates any provision of law proscribing theft, . . . and . . . knows or reasonably should know that the victim is an elder or a dependent adult . . . ." As defined by statute, theft from an elder by a person who is *not* a caretaker does not require that defendant hold a position of trust. Moreover, at sentencing, defense counsel stated that "[i]t's properly noted in the [p]robation [r]eport that there was trust that was involved . . . ." Later, in responding to the prosecutor's argument that the victim suffered emotional injury, defense counsel recognized that the range of punishment is not the typical triad but enhanced due to the "susceptibility" of an elder or dependant adult. Defendant's claim on the merits is rejected.

Further, we do not find any prejudice. Only one aggravating factor is required to impose an upper term. (*People v. Osband* (1996) 13 Cal.4th 622, 728; *People v. Castellano* (1983) 140 Cal.App.3d 608, 615.)

In aggravation, the trial court found defendant's prior convictions as an adult and sustained petitions as a juvenile were numerous and of increasing seriousness. He was on parole when he committed the current offense, he had served a prior prison term and his prior performance on parole was unsatisfactory, as well as the fact that defendant took advantage of a position of trust since he was living with the victim who was 82 years old at the time of the offense. In mitigation, the court found that the crime was "somewhat unsophisticated," defendant was willing to pay restitution but had paid nothing even though given an opportunity prior to the crime being reported, the effect on his parents,

and the fact that defendant admitted wrongdoing at an early stage. The court found the factors in aggravation outweighed those in mitigation and imposed the upper term. When the probation officer brought to the court's attention that it had found in aggravation the prior prison term for which the court imposed an enhancement, the court reweighed the factors absent the prior prison term and confirmed the sentence, finding the aggravating factors "sufficiently" outweighed those in mitigation.

Even assuming the position of trust factor was invalid, we will not remand for resentencing since the trial court relied upon other valid factors in aggravation in imposing the upper term and its comments indicated a "strong belief" that the sentence imposed was the proper sentence. (*People v. Clark, supra,* 12 Cal.App.4th at p. 667.)

II

Defendant contends the court should have imposed $240 rather than $280 as the minimum amount of the restitution (§ 1202.4) and the corresponding parole (§ 1202.45) fines in effect at the time of his offense and that the fines imposed violate ex post facto principles.

A restitution fine is considered punishment for purposes of ex post facto analysis. (*People v. Hanson* (2000) 23 Cal.4th 355, 360-362; *People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248.) *Tapia v. Superior Court* (1991) 53 Cal.3d 282 held that a change in the law making conduct a crime when it had not been a crime prior to the change, or increasing punishment for a crime, or eliminating a defense, violate ex post facto principles if the new law is applied retrospectively. (*Id.* at p. 298.)

An unauthorized sentence is one that "could not lawfully be imposed under any circumstance in the particular case." (*Scott, supra,* 9 Cal.4th at p. 354.)

Since the amount of a restitution fine at the time of defendant's crime was between $240 and $10,000 (§ 1202.4, subd. (b)(1)), the amount imposed, $280, was authorized as within the range. The maximum defendant faced was, both before and after his crime, $10,000. We conclude that the fines imposed do not violate ex post facto principles.

4

Defendant asserts that the trial court intended to impose the minimum, citing the court's statement concerning a "minimal" fine.  The court did not state it intended to impose the minimum restitution and parole fines.  The court's reference to a "minimal" fine referred to the fine authorized by section 672 and the court imposed "no fine" pursuant to section 672.  In any event, defendant did not raise this point at sentencing; he has thus forfeited the issue.  (*Scott, supra,* 9 Cal.4th at p. 353.)

## DISPOSITION

The judgment is affirmed.


                                       BLEASE            , Acting P. J.


We concur:


      ROBIE            , J.


      MAURO            , J.