Filed 10/17/24  P. v. Depaz CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B333878 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. VA150220 |
| v. | |
| ELMER ALFREDO DEPAZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Roger Ito, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

A jury convicted Elmer Alfredo Depaz of numerous sex crimes against his minor daughter. The court sentenced Depaz to 32 years in prison, which included an upper-term sentence on one of the offenses. Depaz appealed, arguing he was entitled to be resentenced under the newly enacted Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567).

In July 2022, a different panel of this court affirmed Depaz's convictions but remanded the case for resentencing. (*People v. Depaz* (July 25, 2022, B309275) [nonpub. opn.] (*Depaz I*).) We held the trial court erred by imposing an upper-term sentence based on two aggravating circumstances that were not found true by a jury. We concluded a jury would have found true only one of the two aggravating circumstances: that Depaz used a position of trust to commit the offense. Because we were not certain the court would have imposed the upper term based solely on that circumstance, we remanded the case for resentencing.

On remand, the trial court again imposed an upper-term sentence, citing the fact that Depaz used a position of trust to commit the offense. On appeal, Depaz argues the court erred because the aggravating circumstance had not been established in accordance with the procedure created by Senate Bill 567. Although we agree with Depaz that the court erred, we conclude the error was harmless. Accordingly, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. ***Depaz's crimes and the first sentence***

The People charged Depaz with four counts of committing a lewd act upon a child under age 14 (Pen. Code, § 288, subd. (a);

counts 1, 7, 8, 9),[1] one count of continuous sexual abuse of a child under age 14 (§ 288.5, subd. (a); count 3), two counts of sexual penetration by use of force on a child over the age of 14 (§ 289, subd. (a)(1)(C); counts 4, 6), and one count of aggravated sexual assault of a child under the age of 14 (§ 269, subd. (a)(5); count 5). (*Depaz I.*)

At trial, the prosecutor presented evidence showing the following. Depaz's daughter, J.D., was born in the United States. When J.D. was around two years old, her parents broke up and she moved to Mexico with her mother. About eight years later, J.D. moved back to the United States to live with Depaz and his wife. (*Depaz I.*)

J.D.'s mother and siblings remained in Mexico, and Depaz forbade J.D. from visiting them. However, J.D. frequently communicated with her family living in Mexico. She also visited a maternal aunt who lived in the United States. (*Depaz I.*)

J.D. was initially afraid to sleep on her own in Depaz's home, so Depaz agreed to sleep next to her on Friday nights. One night when J.D. was 11 years old, Depaz was lying next to her in bed and put his fingers between her labia underneath her underwear. He did this three more times over the next few years under similar circumstances. (*Depaz I.*)

When J.D. was 14 years old, she and Depaz had an argument. Depaz tried to hug J.D. and pull up her shirt, but she fought back. Depaz touched J.D.'s breast and put his finger between her labia. J.D. told Depaz he was not supposed to act that way because he was her father. Depaz replied that

---

[1]     Undesignated statutory references are to the Penal Code.

if he had wanted to hurt her, he would have done so already. J.D. was scared. (*Depaz I.*)

Another time, when J.D. was around 15 years old, Depaz tried to hug her from behind. J.D. dropped to the floor in an attempt to escape. Depaz held J.D. down, lifted up her shirt, and grabbed her breasts. Depaz put his mouth on one of J.D.'s breasts and inserted his finger into her vagina. (*Depaz I.*)

When J.D. was 16 years old, Depaz came into her room and forced her onto the floor. He pulled up her shirt, put his mouth on her breast, and inserted his finger into her vagina. J.D. started screaming and crying. (*Depaz I.*)

J.D. told her friends about the incident, and they convinced her to report it to the police. One of the friends accompanied J.D. to the police station, where she reported Depaz's abuse. Depaz's DNA was present on the shirt J.D. was wearing, as well as a sample taken from her breast. J.D. also had a red mark on her breast. (*Depaz I.*)

At the end of the prosecution's case-in-chief, the court dismissed count 5. The jury convicted Depaz of the other counts. (*Depaz I.*)

The court sentenced Depaz to an aggregate term of 32 years, consisting of the upper term of 16 years on count 3, the middle term of 8 years on count 4, and the middle term of 8 years on count 6. The court explained that it selected the upper term on count 3 because " 'the victim was particularly vulnerable. The defendant took advantage of a position of trust. . . . [¶] . . . For years this young girl was abused by her natural father and he isolated her from the family in Mexico that could have provided some degree of support or could have provided some degree of clarification as to where she should go or what she

4

should do.  And in my estimation, this isolation was part and parcel of that abuse.' " (*Depaz I*.)

**2.** ***The first appeal***

Depaz appealed his convictions on the ground that the trial court erred by denying his *Batson/Wheeler* motion.[2]  While the appeal was pending, the Legislature passed Senate Bill 567, which amended section 1170, subdivision (b) (section 1170(b)) to restrict a trial court's discretion to impose an upper-term sentence.  In response to the new legislation, Depaz filed a supplemental brief urging us to remand the case for the trial court to resentence him under the amended version of section 1170(b).  (*Depaz I*.)

We rejected Depaz's *Batson/Wheeler* argument and affirmed his convictions.  On the sentencing issue, we determined Depaz was entitled to the retroactive benefits of Senate Bill 567, and the trial court failed to comply with the amended version of section 1170(b).  Specifically, we concluded the trial court imposed an upper-term sentence based on aggravating circumstances that had not been established in accordance with the statute.  (*Depaz I*.)

We then applied a two-step harmless error standard to determine whether the trial court's error required us to remand the case for resentencing.[3]  At the first step, we asked whether, beyond a reasonable doubt, a jury applying the same standard

---

[2]     *Batson v. Kentucky* (1986) 476 U.S. 79; *People v. Wheeler* (1978) 22 Cal.3d 258.

[3]     As we explain later in this opinion, the California Supreme Court subsequently disapproved of our approach.

5

would have found true at least one of the two aggravating circumstances on which the trial court relied. We were not certain, beyond a reasonable doubt, that a jury would have found true that the victim was particularly vulnerable. However, we were sufficiently certain a jury would have found that Depaz used a position of trust to commit the offense. (*Depaz I*.)

At the second step of our harmless error analysis, we asked whether it was reasonably probable the court would have imposed the same sentence had it relied only on the position-of-trust aggravating circumstance. We concluded it was not sufficiently clear the trial court would have done so. Accordingly, we remanded the case for resentencing in accordance with the amended version of section 1170(b). (*Depaz I*.)

### 3. *Resentencing*

On remand, the trial court again sentenced Depaz to an aggregate term of 32 years, including the upper term of 16 years on count 3. The court stated it selected the upper term based solely on the fact that Depaz used a position of trust to commit the offense. The court noted that, in convicting Depaz of continuous sexual abuse of a child, the jury must have concluded he used a position of trust.

Depaz timely appealed.

### DISCUSSION

Depaz argues the trial court violated his constitutional rights by imposing an upper-term sentence based on an aggravating circumstance that was not established in accordance with section 1170(b).

Effective January 1, 2022, section 1170(b) states "the court shall, in its sound discretion, order imposition of a sentence not

6

to exceed the middle term," unless "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(1), (2).) A court also "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (*Id.*, subd. (b)(3).) If a trial court relies on aggravating circumstances to impose an upper-term sentence that were not established in accordance with section 1170(b), the court violates the defendant's rights under the Sixth Amendment to the United States Constitution. (See *People v. Lynch* (2024) 16 Cal.5th 730, 742–743 (*Lynch*).)

On remand in this case, the trial court imposed the upper term on count 3. The court cited a single aggravating circumstance to support its decision to impose the upper-term sentence—that Depaz took advantage of a position of trust to commit the offense. (See Cal. Rules of Court, rule 4.421(a)(11) [that the "defendant took advantage of a position of trust or confidence to commit the offense" is a circumstance in aggravation].) Depaz did not stipulate to that circumstance, it was not found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial, nor does it constitute a prior conviction based on a certified record of conviction. (See § 1170, subd. (b)(2), (3).) Accordingly, the court's reliance on that circumstance to impose the upper-term sentence on

7

count 3 violated section 1170(b) and Depaz's Sixth Amendment rights.[4]  (See *Lynch, supra*, 16 Cal.5th at pp. 742–743.)

Although the trial court erred in this respect, that fact alone does not require reversal.  In *Lynch, supra*, 16 Cal.5th 730, the California Supreme Court held a trial court's reliance on aggravating circumstances that were not established in accordance with the current version of section 1170(b) is subject to a harmless error analysis.  The high court held *Chapman v. California* (1967) 386 U.S. 18 provides the proper standard of review in such cases, and the reviewing court must apply that standard to every aggravating circumstance on which the trial court relied.  (*Lynch*, at pp. 755–757.)  Accordingly, reversal is required unless the reviewing court concludes "beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute."  (*Id*. at p. 743.)

To determine whether this standard has been met, the reviewing court " ' "examine[s] what the jury necessarily did find and ask[s] whether it would be impossible, on the

---

[4]     We reject the Attorney General's contention that the trial court was obligated to accept the position-of-trust aggravating circumstance under the law of the case doctrine.  Our determination that a jury would have found the circumstance to be true was not a purely legal issue.  Instead, it involved a review of the trial evidence and the inferences flowing from it.  The law of the case doctrine does not apply under these circumstances.  (See *People v. Campbell* (2023) 98 Cal.App.5th 350, 371–372.)

evidence, for the jury to find *that* without *also* finding the missing fact as well." [Citation.] In other words, if " '[n]o reasonable jury' " would have found in favor of the defendant on the missing fact, given the jury's actual verdict and the state of the evidence, the error may be found harmless beyond a reasonable doubt.' [Citation.] [The reviewing court] may also find the omission harmless if [it] can conclude beyond a reasonable doubt 'that the omitted [fact] was uncontested and supported by overwhelming evidence.' " (*Lynch, supra*, 16 Cal.5th at p. 775.)

Applying the *Lynch* standard here, we conclude the trial court's failure to comply with the current version of section 1170(b) was harmless.[5] The trial court relied on a single aggravating circumstance to impose the upper term on count 3 —that Depaz used a position of trust to commit the offense. Accordingly, the error requires reversal unless we conclude it is beyond a reasonable doubt that a jury applying the same standard would have found that circumstance to be true.

We considered this precise issue in Depaz's first appeal, despite applying a different harmless error standard. We concluded, beyond a reasonable doubt, a jury would have found

---

[5] The procedural posture of this case is not identical to *Lynch*. In *Lynch*, the trial court sentenced the defendant under the prior version of 1170(b), which did not require submission of aggravating circumstances to a jury. (*Lynch, supra*, 16 Cal.5th at pp. 744–745.) Here, the trial court resentenced Depaz well after the amendments to section 1170(b) had gone into effect. Nevertheless, we do not find this distinction to be meaningful to the issues Depaz raises on appeal, nor do the parties suggest any reason why it would be. Accordingly, we will apply the *Lynch* harmless error standard to determine whether remand for resentencing is required.

true under the same standard that Depaz used a position of trust to commit the continuous sexual abuse offense. We explained that, unlike some aggravating circumstances, "determining whether Depaz used a position of trust does not require an imprecise quantitative or comparative evaluation of the facts. The undisputed evidence . . . shows Depaz is J.D.'s biological father and that she was under his care when he continuously sexually abused her. Further, J.D. testified that Depaz committed the abuse while lying in her bed at night after she expressed a fear of sleeping alone. The jury clearly believed this testimony in convicting Depaz of continuous sexual abuse, and Depaz does not contend he could have presented evidence or otherwise developed the record in such a way as to show he did not take advantage of a position of trust. On this record, it is beyond a reasonable doubt that the jury would have found Depaz used a position of trust as J.D.'s father to commit the offense." (*Depaz I*.)

Our analysis in the first appeal is equally applicable here. It remains true that the record contains overwhelming evidence that Depaz used his position as J.D.'s father and primary caregiver to continuously sexually abuse her. We can conceive no possible way a reasonable jury could reject this evidence while also finding Depaz committed the offense. Nor does Depaz contend he could have presented evidence or otherwise developed the record in such a way as to rebut that evidence. On this record, it is beyond a reasonable doubt that a jury would have found—beyond a reasonable doubt—that Depaz used a position of trust to commit the continuous sexual abuse. (See, e.g., *People v. Jones* (1992) 10 Cal.App.4th 1566, 1577 ["the fact that defendant was the children's biological father . . . clearly

10

supports the finding that defendant used a position of trust and confidence, that of a legal parent, to commit the offense"]; *People v. Clark* (1992) 12 Cal.App.4th 663, 666 [a stepfather who was entrusted with caring for the victim was placed in a position of trust and confidence regarding the child].)  Accordingly, the trial court's reliance on that aggravating circumstance to impose an upper-term sentence on count 3 was harmless and does not require reversal.

We reject Depaz's passing contention that the trial court's reliance on an improper aggravating circumstance resulted in an unauthorized sentence that is not amenable to a prejudice analysis.  The California Supreme Court rejected the same argument in *Lynch*.  As the high court explained in that case, the unauthorized sentence rule is an exception to the waiver doctrine that "permits a challenge to an unauthorized sentence on appeal even if the defendant failed to object below.  [Citation.] There is no issue of forfeiture or waiver here.  The new statute went into effect after [the defendant's] trial and sentencing. The sentence was authorized when it was imposed.  It continues to be permissible under the current statute so long as the aggravating facts are either stipulated to by the defendant or found true by a jury beyond a reasonable doubt. . . .  [The defendant's] reliance on precedent governing unauthorized sentences is misplaced." (*Lynch*, *supra*, 16 Cal.5th at p. 751.)

The same is true here.  As in *Lynch*, there is no issue of forfeiture or waiver.  Nor did the trial court impose a sentence that would be unlawful under any circumstances.  (See *People v. Scott* (1994) 9 Cal.4th 331, 354 ["a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case"].)  To the contrary,

11

section 1170(b) granted the court discretion to impose the same sentence—including the upper term on count 3—so long as it did so based on aggravating circumstances that were established in accordance with the statute.  (See § 1170, subd. (b)(1), (2).) The concept of an "unauthorized sentence" simply does not apply under these circumstances.  (See *Lynch*, *supra*, 16 Cal.5th at p. 751.)

## DISPOSITION

We affirm the judgment.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



                                        EGERTON, J.

We concur:



        EDMON, P. J.



        ADAMS, J.