[Crim. No. 5498. Fifth Dist. Mar. 30, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL JOSEPH DURAN, Defendant and Appellant.

**COUNSEL**

Jonathan M. Purver, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, James T. McNally and Lisa Lewis Dubois, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THE COURT.**\*—Appellant was convicted on his plea of nolo contendere of voluntary manslaughter (Pen. Code, § 192, subd. 1). The trial court sentenced him to prison for the six-year upper base term, stating these reasons: "Crime involved great violence, great bodily harm, or other acts disclosing a high degree of cruelty, callousness or visciousness [*sic*], whether or not charged or chargeable as an enhancement under Section 12022.7. The Defendant was armed with or used a weapon at the time of the commission of the crime, whether or not charged or chargeable as an enhancement under Section 12022 or 12022.5. The Defendant has engaged in a pattern of violent conduct which indicates a serious danger to society. Defendant's prior convictions as an adult or adjudications of commissions of crimes as a juvenile are numerous or of increasing seriousness. The Defendant was on parole when he committed the crime. The Defendant's prior performance on parole was unsatisfactory. [¶] I don't find anything in mitigation. So that's why I had to set the high term."

---

\*Before Franson, Acting P. J., Zenovich, J., and LaRue, J.†

†Assigned by the Chairperson of the Judicial Council.

■ Appellant contends the trial court improperly relied on great bodily harm as an aggravating factor, reasoning that great bodily harm (i.e., death) is an element of the crime of manslaughter and therefore unavailable for aggravation purposes (Cal. Rules of Court, rule 441(d)).

Respondent concedes the trial court was precluded from relying on great bodily harm *as such.* However, respondent counters, rule 421(a)(1), applies, where, as here, the record shows a "high degree of cruelty, viciousness, or callousness" apart from the infliction of great bodily harm.

Appellant disputes this proposition. According to appellant: "This interpretation, repeated in this case, conflicts with the plain meaning of the rule's language which specifically requires the infliction of great violence or great bodily injury disclosing a high degree of cruelty, viciousness, or callousness. . . .

". . . . . . . . . . . . .

". . . The intent of rule 421(a)(1) is to aggravate the sentences of those felons who commit crimes in which other individuals are either harmed or injured and a high degree of cruelty, viciousness, or callousness is demonstrated by the perpetrator. *If great bodily harm is not present, or cannot, as in this case, be considered because it is an element of the crime, then rule 421(a)(1) does not apply, despite the presence of cruelty, viciousness, or callousness.* Any other interpretation of the rule perverts its meaning. It is clearly directed at physical harm in which cruelty, viciousness, or callousness are also present."

We agree with appellant that the trial court was precluded from relying on great bodily harm *as such* for aggravation purposes. We disagree with appellant about the plain meaning of rule 421(a)(1). The rule cites as an aggravating factor that "The crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness or callousness, whether or not charged or chargeable as an enhancement under section 12022.7." Clearly, the rule does *not* require great bodily harm. If it did, then the references to great violence and *threat* of great bodily harm would be meaningless. Moreover, the use of the disjunctive "or" makes clear that the rule may be satisfied by cruel, vicious or callous acts other than those involving great violence, great bodily harm, or threat of great bodily harm.

It follows that where, in the course of killing his victim, a defendant commits cruel, vicious, callous acts which transcend the basic fact of great bodily harm, the taking of the victim's life does not immunize the defendant from rule 421(a)(1). ▮ The facts of the instant case amply support a finding of cruelty, viciousness, and callousness which transcended the great bodily harm itself.

The facts of the instant case are not as readily available as is usual, because appellant pled nolo contendere without a factual basis having been stated on the record. The RPO contained a factual summary drawn from Merced Police Department reports. Also, the clerk's transcript contains the reports themselves, which appear to have been appended to the criminal complaint. The reports apparently were before the trial court at sentencing, because appellant's trial counsel referred to them in arguing purported mitigating factors.

The reports reflect that at about 11:15 p.m., October 11, 1980, Merced police officers were called to the Merced County Fairgrounds to investigate a fight which had led to the stabbing of two people. The officers found 19-year-old Fernando Fuentes, who was lying on his back in the grass in front of the pavilion. The police saw a large quantity of blood on Fuentes, who had suffered numerous stab wounds. About 60 yards from Fuentes, the officers found 20-year-old Joe Avina, who had also been stabbed. Both victims were taken to the hospital, where Fuentes died due to multiple (nine) stab wounds in the side, abdomen and chest.

Investigation revealed that the victims had been attending a wedding reception at the pavilion and had briefly stepped outside with one or two other persons, at which time the events leading to the stabbing occurred. As respondent notes, the record does not suggest that Fuentes was armed or in any way had provoked the attack. Rather, the fight started when someone (apparently one of appellant's companions) threw a bottle or beer can, which struck the victim or his friend in his chest. With the victim on the ground and being kicked by two persons, appellant and another person with whom he acted in concert stabbed a totally defenseless Fuentes nine times in the abdomen, side and chest.

Rule 443, California Rules of Court, provides: "Whenever the giving of reasons by the sentencing judge is required, the judge shall state in simple language the primary factor or facts that support the exercise of discretion or, when applicable, state that the judge has no discretion.

The statement need not be in the language of these rules. It shall be delivered orally on the record."

■ The trial court here quoted rule 421(a)(1) verbatim. In most cases, this would be an acceptable practice, but here it left unclear the basis for the trial court's invocation of the rule. Was the trial court relying—improperly—on the fact of great bodily harm alone or on the totality of the circumstances which showed cruelty, viciousness, and callousness transcending the infliction of great bodily harm? We cannot say for sure.

While the trial court's reasoning is in doubt, we agree with respondent that a remand would be of no benefit to appellant because of the abundance of other valid, substantial aggravating factors. In particular, we note that appellant used a deadly weapon, that the instant offense culminated a pattern of violent conduct, including 1978 shootings at a vehicle with people inside and an inhabited dwelling, and that appellant's prior adjudications were numerous. On this record, a remand for the trial court to reimpose the upper term would be a waste of time.

The judgment is affirmed.