[No. H003277. Sixth Dist. Apr. 13, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
SERGIO GARCIA, Defendant and Appellant.

**COUNSEL**

John Doyle, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Stan M. Helfman, Catherine A. Rivlin and Rene A. Chacon, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BRAUER, J.**—Defendant Sergio Garcia entered an unconditional plea of guilty to the charge of rape. The court sentenced him to the upper term of eight years. On appeal, Garcia challenges the court's decision to impose the upper term. We affirm.

## I. FACTS

Garcia, under the influence of cocaine and alcohol, approached a woman on the street in San Jose and offered her cocaine. When she refused, he grabbed her by the hair, dragged her into the bushes in front of a restaurant, and threw her backwards onto the ground. He then ripped off her clothes and attempted intercourse, unsuccessfully because of her resistance. Undeterred, Garcia decided to move his victim to a more convenient place. He first slapped her, and then allowed her to put on her overgarments. Once she had partially dressed, Garcia pulled her out of the bushes, punched and slapped her, dragged her by the hair across a parking lot past a perimeter hedge, and threw her once again to the ground. When she continued to resist, Garcia beat her face, neck, and upper body, and again ripped off her clothing. Seriously bruised and fearful that Garcia would kill her, she finally gave up her resistance. The entire episode lasted more than 20 minutes.

## II. DISCUSSION

On appeal Garcia challenges only the court's decision to impose the upper term. In stating its reasons for this choice, the court relied upon two aggravating circumstances: the great violence accompanying the rape and the defendant's knowledge that he carried herpes. Garcia challenges both.

### A. *Great Violence*

 Garcia first argues that the court's consideration of great violence as a circumstance in aggravation contravenes rule 441(d)'s prohibition against the dual use of facts. Under that rule, "[a] fact which is an element

of the crime may not be used to impose the upper term." (Cal. Rules of Court, rule 441(d).)

"[G]reat violence" is made an aggravating circumstance in rule 421(a)(1): "The crime involved *great violence,* great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness or callousness, whether or not charged or chargeable as an enhancement under section 12022.7." (Cal. Rules of Court, rule 421(a)(1), italics added.) A lesser degree of force is sufficient to violate the rape statute. Under Penal Code section 261: "Rape is an act of sexual intercourse accomplished with a person not the spouse of the perpetrator, under any of the following circumstances: . . . (2) Where it is accomplished against a person's will by means of force, *violence,* or fear of immediate and unlawful bodily injury on the person or another." (Italics added.)

The thrust of Garcia's argument is that he used only that amount of force necessary to overcome his victim's resistance. To quote from his brief, "violence was used against [his victim] only so long as she resisted. Once she became convinced that resistance would do her no good and might result in serious harm, she stopped resisting and permitted appellant to accomplish his purpose." Thus, to carry Garcia's argument to its logical conclusion, even "great violence" will not support imposition of the upper term if that is necessary to overcome the victim's resistance.

This argument ignores the rape statute's history. Before 1981, a forcible rape was one in which "a person resists, but the person's resistance is overcome by force or violence." (former Pen. Code, § 261, subd. (2).) Overcoming the victim's resistance was an element of the crime, and marks of struggle were evidence of resistance. This led to an unjust paradox: By intimidating a victim into quick submission, a rapist avoided creating the evidence that might later be necessary to convict. (See *People* v. *Salazar* (1983) 144 Cal.App.3d 799, 806-808 [193 Cal.Rptr. 1].) A statutory amendment in 1980 addressed this problem by "shifting the focus from the quality of physical resistance to the overbearing of the victim's will." (*Id.* at p. 807; Pen. Code, § 261, subd. (2), as amended by Stats. 1980, ch. 587, § 1, p. 1595.) "With the elimination of the resistance requirement, it is no longer necessary for a rape victim to develop corroborative evidence by resisting and thereby precipitate further physical violence." (144 Cal.App.3d at p. 807; see also *People* v. *Barnes* (1986) 42 Cal.3d 284, 302 [228 Cal.Rptr. 228, 721 P.2d 110].)

Accordingly, under the current statute a conviction for rape by force or violence logically requires only that degree of violence necessary to show that the act was for that reason against the victim's will—not the greater

degree of violence described in the sentencing rule.[1] As this case demonstrates, it can be obvious long before a victim gives up resistance that any sexual intercourse is nonconsensual and will be possible only through the application of additional force. Certainly a conviction for rape is not conditioned upon any of the acts enumerated in the sentencing rule: "great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness or callousness." (Cal. Rules of Court, rule 421(a)(1).) Thus, if one of these aggravating circumstances is present, reliance upon it in sentencing is not a dual use of facts.

Since there was no dual use of facts, we must affirm the sentence if there was a factual basis for the trial court's finding that Garcia's conduct amounted to "great violence." The facts showed that he punched, slapped, and dragged his victim across a parking lot by the hair, and twice threw her into bushes and ripped off her clothes. Add to that a beating which caused her to fear for her life, and Garcia's violence was "great" enough to satisfy the sentencing rule.[2]

## B. *Herpes*

At the time of the rape Garcia knew that he had herpes. The court used his knowledge as an additional factor in aggravation. Although infection with a sexually transmissible disease is not listed in the sentencing rule, that omission obviously does not preclude its use. "The enumeration . . . of some criteria for the making of discretionary sentencing decisions does not prohibit the application of additional criteria reasonably related to the decision being made." (Cal. Rules of Court, rule 408(a).) The "[g]eneral objectives of sentencing" include "[p]rotecting society," "[p]unishing the defendant," and "[d]eterring others from criminal conduct by demonstrating its consequences." (Cal. Rules of Court, rule 410(a), (b) & (d).) To impose the upper term in this case furthers each of these objectives.

The dispute in this case involves not the points discussed above but the precise state of Garcia's knowledge about the disease he carried. While Garcia has admitted that he knew he had herpes at the time of the rape, he apparently had some doubt about whether the disease was in a contagious

---

[1] Indeed, the Supreme Court has suggested that even very slight force may occasionally suffice. "In some circumstances, even a complainant's unreasonable fear of immediate and unlawful bodily injury may suffice to sustain a conviction under [Penal Code] section 261, subdivision (2), if the accused knowingly takes advantage of that fear in order to accomplish sexual intercourse." (*People v. Barnes, supra,* 42 Cal.3d at p. 304, fn. 20.)

[2] Garcia argues that there was no basis for a finding of great violence because there was no "evidence of any broken bones . . . or anything of that nature." But the rule requires only violence, not actual bodily harm. (*People v. Duran* (1982) 130 Cal.App.3d 987, 990 [182 Cal.Rptr. 17].)

stage.[3] But since he knew that there was some risk of infection, his lack of absolute certainty does not detract from his callousness nor significantly diminish his culpability in this regard. Thus, the court did not err.

DISPOSITION

The judgment is affirmed.

Agliano, P. J., and Premo, J., concurred.

A petition for a rehearing was denied May 4, 1989, and appellant's petition for review by the Supreme Court was denied July 20, 1989.

---

[3] We quote from Garcia's unsworn statement in mitigation: "[My doctor] explained to me, and told me that I couldn't have sex while I had the symptoms because the other person could be infected but I don't believe that when this incident happened I had the symptoms because this illness, when the symptoms appear, it is very painful that even your underclothes causes discomfort. That is why I don't believe I had this when the other thing happened."